# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

ABRAHAM MORRIS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 2:17-CV-00868
CRIM. NO. 2:12-CR-150(3)
JUDGE GEORGE C. SMITH
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, brings this Motion to Vacate (Doc. 153) under 28 U.S.C. § 2255. This matter is before the Court on its own motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## Facts and Procedural History

Petitioner challenges his underlying criminal convictions pursuant to his guilty plea on possession with intent to distribute 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (Doc. 153.) The District Court sentenced Petitioner as a career offender to 190 months in prison. (Doc. 126.) On January 22, 2015, pursuant to a motion by the government, the Court reduced Petitioner's prison sentence to 126 months. Order (Doc. 139, filed under seal.) On February 4, 2016, the Sixth Circuit affirmed Petitioner's conviction and sentence. *United States v. Morris*, 641 F. App'x 457 (6th Cir. 2016). On October 3, 2016, the United States Supreme Court denied the petition for a writ of *certiorari.* (Doc. 152.)

On October 2, 2017, Petitioner filed this Motion. (Doc. 153.) He asserts that he was denied the effective assistance of counsel because his attorney failed to present mitigating factors

to the Court in support of a downward variance in sentencing (claim one); and that he was denied the effective assistance of counsel because his attorney failed to challenge his status as a career offender based on his prior state conviction on aggravated assault (claim two). (*Id.* at 5–6.)

**Standard of Review**

Relief under 28 U.S.C. § 2255 requires a petitioner to establish the denial of a substantive right or defect in the trial that is inconsistent with the rudimentary demands of fair procedure. *See United States v. Timmreck*, 441 U.S. 780 (1979); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (per curiam). Relief under 28 U.S.C. § 2255 is available when a federal sentence was imposed in violation of the Constitution or laws of the United States or when the trial court lacked jurisdiction, when the sentence was in excess of the maximum sentence allowed by law, or when the judgment or conviction is "otherwise subject to collateral attack." *United States v. Jalili,* 925 F.2d 889, 893 (6th Cir. 1991). In the absence of constitutional error, the question is "whether the claimed error of law was a 'fundamental defect which inherently results in a complete miscarriage of justice,'" *Davis v. United States*, 417 U.S. 333, 346 (1974) (quoting *Hill v. United States,* 368 U.S. 424, 428 (1962)); *accord Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003). Further, "'[a] § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances.'" *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996) (quoting *United States v. Brown*, 62 F.3d 1418 (6th Cir. 1995) (unpublished)). Moreover, non-constitutional claims not raised at trial or on direct appeal are waived on collateral review except where the errors amount to something akin to a denial of due process. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). "Accordingly, claims that could have been raised on direct appeal, but were not, will not be entertained [on] a motion to vacate under § 2255 unless the petitioner shows: (1) cause and actual prejudice to excuse his

failure to raise the claims previously; or (2) that he is 'actually innocent' of the crime. *Id.* (quoting *Bousley v. United States,* 523 U.S. 614, 622 (1998)).

## Ineffective Assistance of Counsel

Petitioner asserts the denial of his Sixth Amendment right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685-86 (1984). In order to prevail on such a claim, a petitioner must demonstrate both that counsel's performance was deficient and that this deficient performance prejudiced the petitioner. *Id.* at 687. The deficient performance component requires a showing that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed" by the Sixth Amendment. *Id.* A showing of prejudice requires that defense counsel's errors were so serious as to deprive the defendant of a fair and reliable trial. *Id.*

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). Given the difficulties inherent in determining whether an attorney's performance was constitutionally deficient, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689. Even if a showing of deficient performance can be made, "[a]n error by counsel. . . does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. Therefore, a petitioner must demonstrate that a reasonable probability exists that, but for counsel's errors, the result of the proceedings would have been different. *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Because a petitioner must satisfy both prongs of *Strickland* to achieve relief, if a court determines that the petitioner has failed to satisfy one prong, it need not consider the other. *Id.* at 697.

## Claim One

In his first claim, Petitioner asserts that his attorney failed to present mitigating factors that would have supported a reduced sentence. (Doc. 153 at 5.) Specifically, Petitioner alleges that his attorney failed to inform the Court that he was raped when he was eleven years old, that his daughter and mother died several years later; and that he suffers from mental health issues and a low IQ. (*Id.*)

The Presentence Investigation Report ("PSR") and Sentencing Memorandum for Downward Departure and Amended Sentencing Memorandum for Downward Departure, however, show that this claim lacks merit. The PSR indicates that Petitioner's mother died from a brain aneurysm in 1993, and that Petitioner was the victim of an attempted sexual assault at age eleven. (PSR ¶¶ 69, 72.) Further, as part of the Presentence Investigation process, Petitioner was interviewed in the presence of counsel. (*Id.* ¶ 21.) During his interview, Petitioner explained that he had a difficult time when he was last released from prison because he could not obtain employment. (*Id.* ¶ 23.) He felt financial pressure to assist the mother of his children, so he "took the 'easy way out.'" (*Id.*) Petitioner reported that he suffered from asthma, an enlarged heart, hypertension, and acid reflux; he also reported unstable mental health. (*Id.* ¶¶ 82, 83.) The PSR further outlined Petitioner's mental health history and prior substance abuse treatment. (*Id.* ¶¶ 84–92.)

Defense counsel filed a Sentencing Memorandum for Downward Departure and Amended Sentencing Memorandum for Downward Departure, seeking imposition of a sentence below that recommended by the advisory United States Sentencing Guidelines. (Docs. 122, 124.) Contrary to Petitioner's assertions, the memorandum indicated that Petitioner's mother died from a brain aneurysm in 1993, Petitioner had a child who died from Sudden Infant Death

Syndrome at age eleven months, and Petitioner was the victim of an attempted sexual assault when he was eleven years old. (Doc. 122 at 2.) The memorandum stated that Petitioner had a ninth grade education and certificate as a cable technician, and also recounted Petitioner's substance abuse issues. (*Id.*) Defense counsel specifically objected to Petitioner's classification as a career offender, the two-level firearm enhancement, and argued that Petitioner's criminal history score overstated the seriousness of his prior criminal conduct. (Doc. 124 at 3–5.) Petitioner obtained a two-point reduction in his sentence for his acceptance of responsibility and a one-level reduction for timely notifying the authorities of his intention to plead guilty. (PreSentence Investigation Report, ¶¶ 33, 34.)

The Court overruled Defendant's objections and imposed a term of 190 months in prison. (Doc. 126.) Petitioner had a recommended guideline sentence of 188–235 months. (Doc. 123 at 1.) As discussed, the Court later reduced Petitioner's sentence to 126 months. (Doc. 139, filed under seal.)

Considering all of this, it is clear from the record that Petitioner cannot establish the denial of the effective assistance of counsel in regard to his attorney's presentation of mitigating factors in support of a reduced sentence. In particular, counsel requested a downward departure from the recommended guideline sentence, and the Court was advised of the other potential mitigating factors Petitioners relies upon. Moreover, the record does not indicate that the presentation of any additional argument or information by counsel would have assisted Petitioner in obtaining a lower sentence.

### Claim Two

Petitioner also asserts that, had his attorney investigated the applicable version of the Ohio Revised Code, he would have discovered that Petitioner's prior conviction on aggravated

assault did not qualify as a predicate offense for his classification as a career offender. (Doc. 153 at 6.) The Sixth Circuit, however, affirmed Petitioner's classification as a career offender based, in part, upon his prior conviction on aggravated assault under Ohio Revised Code § 2903.12:

> Morris was charged with possession with intent to distribute 28 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and pled guilty to the charged offense. The United States Probation Office prepared Morris's PSR and determined that Morris's base offense level under the applicable drug-quantity table was twenty-six, with a two-level enhancement for possession of a firearm. The Probation Office also determined that Morris qualified as a career offender based on his prior convictions of conspiracy to possess with intent to distribute cocaine base and aggravated assault. As a career offender with a three-level reduction for acceptance of responsibility, Morris's total offense level was thirty-one. His career-offender designation and fifteen criminal-history points both resulted in a criminal-history category of VI, yielding an advisory Guidelines range of 188–235 months.
>
> ∗∗∗
>
> Morris argues that he does not qualify as a career offender under USSG § 4B1.1 because his aggravated-assault conviction does not constitute a "crime of violence," and because the record was insufficient for the district court to determine the elements of the offense. We generally review de novo a district court's determination that a defendant is a career offender, *United States v. Ozier,* 796 F.3d 597, 599 (6th Cir. 2015) (citing *United States v. Baker*, 559 F.3d 443, 450 (6th Cir. 2009)), but the government argues that plain-error review should apply here because of the non-specific nature of Morris's one-sentence objection in his sentencing memorandum. However, both the government and district court construed Morris's objection as a challenge to whether his prior convictions qualified him as a career offender and addressed that argument in response. Accordingly, notwithstanding the conclusory nature of Morris's objection, we review this claim *de novo*. *See United States v. Prater*, 766 F.3d 501, 506–07 (6th Cir. 2014) (finding that a sparsely-worded objection to a designation as an armed career criminal preserved the defendant's argument on appeal that his prior offenses did not constitute "violent felonies" under the Armed Career Criminal Act because the district court understood the basis for the objection and addressed it). However, Morris's separate argument that the record was insufficient for the district court to make that decision was not raised or addressed below and will be reviewed for plain error.

Morris argues that the second predicate offense upon which the district court relied—aggravated assault in violation of Ohio Revised Code § 2903.12—is not a "crime of violence" under the Guidelines.

A "crime of violence" is defined as:

any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

USSG § 4B1.2(a).

We apply a "categorical approach" to determine the nature of a prior conviction, examining the statutory definition of the crime of conviction rather than the facts underlying that conviction. *United States v. Rodriguez*, 664 F.3d 1032, 1036 (6th Cir. 2011) (citing *United States v. Ruvalcaba*, 627 F.3d 218, 221 (6th Cir. 2010)). Here, Morris was convicted of aggravated assault, a fourth-degree felony in Ohio. Ohio's aggravated-assault statute provides in pertinent part that "[n]o person . . . shall knowingly . . . [c]ause serious physical harm to another" or "[c]ause or attempt to cause physical harm . . . by means of a deadly weapon or dangerous ordnance." Ohio Rev. Code § 2903.12(A).

In a prior published opinion, this court concluded that a conviction under Ohio's aggravated-assault statute qualifies as a "crime of violence" when applying the career-offender enhancement because it "is one of the enumerated crimes of violence listed in Application Note 1 to the career offender guideline and the offense requires knowing and intentional conduct." *Rodriguez*, 664 F.3d at 1038. Morris does not mention *Rodriguez* in his briefing on appeal and provides us no basis to depart from that holding. *See ABC Beverage Corp. v. United States*, 756 F.3d 438, 441 (6th Cir. 2014) ("A published prior panel decision 'remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision.'" (quoting *Salmi v. Sec'y of Health & Human Servs.,* 774 F.2d 685, 689 (6th Cir.1985))). Accordingly,

7

> Morris's conviction under Ohio's aggravated-assault statute qualifies as a "crime of violence" pursuant to USSG § 4B1.1(a), and Morris was correctly classified as a career offender. FN3
>
> FN3: Morris's prior drug conviction clearly qualifies as a prior controlled-substance offense, and he does not challenge any other requirement for being classified a career offender.
>
> Finally, Morris argues that the district court erred because "the record contains no recitation of the elements of the assault statute Mr. Morris was convicted under, and the PSR—the district court's only source of information—contained only the name of the crime and the underlying facts." Appellant Br. 13. Morris does not dispute that there was sufficient proof of the conviction—indeed, defense counsel acknowledged that Morris was convicted of aggravated assault in his sentencing memorandum. *See United States v. Hockenberry,* 730 F.3d 645, 666 (6th Cir. 2013) ("[A] district court may rely on unchallenged PSR findings to establish the existence of prior convictions."). Rather, Morris argues that there was insufficient information to determine what the elements of the offense were in order to make the appropriate career-offender determination. But the elements of the offense, of course, are contained in Ohio's aggravated-assault statute. *See* Ohio Rev. Code § 2903.12. The PSR contained the name of the offense, the date of arrest, the date of the sentence, the court, the case number, and the underlying facts, all of which were sufficient for the district court to determine the offense of which Morris was convicted and the elements of that offense. *Cf. United States v. Alexander,* 543 F.3d 819, 823–24 (6th Cir. 2008) (finding ambiguous the PSR's description of the statutory basis for conviction but relying on publicly available records and the defendant's failure to question the accuracy of those records to establish the statutory basis for conviction). Thus, this argument fails as well.

*Morris*, 641 F. App'x at 458–59, 460–62.

Accordingly, Petitioner has not and cannot establish the denial of the effective assistance of counsel. Moreover, as noted above, "[a] § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances." *Dupont*, 76 F.3d at 110. Because the Sixth Circuit has resolved this issue, Petitioner may not use a § 2255 motion as an alternative vehicle for relief.

**Recommended Disposition**

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.

Date: October 19, 2017   /s/ Kimberly A. Jolson
  KIMBERLY A. JOLSON
  UNITED STATES MAGISTRATE JUDGE